# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY BUNNELL,**

    **Plaintiff,**

    -vs-    Case No. 06-C-0248

**GLENN POLER
and JOHN CEDAR,**

    **Defendants.**

# DECISION AND ORDER

  Plaintiff Anthony Bunnell, who is currently incarcerated at Fox Lake Correctional Institution, lodged this pro se civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court upon the plaintiff's petition to proceed *in forma pauperis*.

  Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action.[1] If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when

---

[1] The plaintiff filed his complaint prior to April 9, 2006, when the filing fee for civil actions in the Eastern District of Wisconsin increased to $350.00.

funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $10.73.[3] Thus, the plaintiff shall be permitted to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

[3] To date, the plaintiff has paid $42.92 of the $250.00 filing fee.

2

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and

3

the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was incarcerated at Fox Lake Correctional Institution (FLCI) at all times relevant. (Complaint [Compl.] at 3). Defendant Glenn Poler is the Educational Director at FLCI. (Compl. Ex. A). Defendant John Cedar is an instructor in the Auto Mechanics Vocational Program. (Compl. Ex. D).

The complaint avers that on January 26, 2006, defendants Poler and Cedar removed the plaintiff from the Auto Mechanics Vocational Program because he is gay. (Compl. at 3). The plaintiff contends that his sexual orientation was the sole basis for his dismissal because he was otherwise "progressing thru (sic) school and was making headway." *Id*. For example, defendant Cedar "had on several occasions made remarks about [the plaintiff's] sexual orientation." *Id*. Further, if the plaintiff would "bend over or was holding a certain object, Mr. Cedar would go into a sexual commentary." *Id*. at 3-4.

The plaintiff claims that defendant Poler "supported the removal based solely [on] non-information and no investigation." *Id*. at 4. He states "[t]he only fact they have is I'm gay." *Id*. Specifically, the plaintiff points out that he has "not had any sexual relationships since incarcerated" and he was not a disciplinary problem or security risk. *Id*.

4

The plaintiff has alleged that the defendants' actions violated his rights under the equal protection clause of the Fourteenth Amendment as well as Title VII of the Civil Rights Act of 1964. *Id*. at 4. For relief, the plaintiff has requested declaratory and injunctive relief as well as monetary damages. *Id*. at 5.

First, the plaintiff contends that the defendants discriminated against him on the basis of his sexual orientation in violation of the Fourteenth Amendment.[4] To comply with equal protection, governmental entities are generally required to treat all similarly-situated persons in a similar manner. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In equal protection analysis, the level of scrutiny the court applies to a government action varies depending upon whether the plaintiff is a member of a suspect class, or whether a fundamental right is at stake. *Id*. Prisoners do not constitute a suspect class and thus state actions concerning prisoners as a group are generally not entitled to heightened scrutiny. *Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990).

However, "class of one" equal protection claims arise without regard to protected-class status where the plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the Seventh Circuit, "class of one" claims under § 1983 require the plaintiff to "present evidence that the defendant

---

[4]In support of his contention, the plaintiff relies on *LaBounty v. Adler*, 933 F.2d 121, 123 (2nd Cir. 1991); *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987); *Foster v. Wyrick*, 823 F.2d 218, 222 (8th Cir. 1987); and *Baker v. McNeil Island Correctional Center*, 859 F.2d 124, 127-28 (9th Cir. 1988).

5

deliberately sought to deprive him of the equal protection of the law for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000). A class of one plaintiff must show that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendants." *Id*.

In this case, the plaintiff avers that the defendants violated his equal protection rights and that he was treated differently from other similarly situated prisoners. Therefore, he will be allowed to proceed on an equal protection claim.

Next, the plaintiff submits that the defendants violated his rights under Title VII, which prohibits employers from discriminating against an individual because of his or her sex.[5] However, the term "sex" as used in the Act refers to gender, not to sexual orientation. *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1084-86 (7th Cir. 1984). Therefore, harassment based solely on one's sexual preference or orientation is not prohibited under the Act. *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084-85 (citing *Ulane*, 742 F.2d at 1085). Accordingly, the plaintiff has failed to state a claim under Title VII.

In sum, the plaintiff may proceed on a Fourteenth Amendment claim against defendants Poler and Cedar. To the extent the plaintiff seeks to assert a cause of action based on Title VII, his claim is dismissed.

---

[5] As grounds for his claim, the plaintiff relies on *Kelly v. Vaughan*, 70 F.Supp. 161, 163-64 (W.D. Mo. 1991).

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **granted**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $207.08 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

7

Case 2:06-cv-00248-RTR   Filed 10/17/06   Page 7 of 8   Document 4

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**